PER CURIAM:
The claimant brought this action for damage to her 1997 Dodge Neon, which occurred when the vehicle struck a large beam that had fallen onto a road maintained by the respondent near Fairmont, Marion County.
The incident giving rise to this claim occurred on May 13, 1997, approximately 6:15 a.m. The claimant was driving northbound on Interstate 79 between Fairmont and the Prickett’s Fort
Exit on her way to work. It was raining. The claimant was driving in the slow lane at approximately 60 miles per hour up an incline. The evidence adduced at hearing was that the claimant’s vehicle struck a large wooden beam that had fallen on the road and was lying completely across her lane of traffic. The vehicle sustained damage to passenger-side tires and wheels and was knocked out of alignment. The claimant submitted a number of bills in the amount of approximately $500.00, the amount of her insurance deductible.
The beam in question was described as approximately one foot high, with metal bands, and lay across the entire lane of traffic. The claimant testified it was similar in appearance to a railroad tie. The respondent’s position was that it had no prior notice of this road hazard.
It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold the respondent liable for road defects of this type, the claimant must prove that the respondent had actual or constructive notice. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). Accordingly, the unexplained presence of debris on the road, without a positive showing of negligence on the part of the respondent, is insufficient to justify an award.
In view of the foregoing, and the Court is of the opinion that there is insufficient evidence on the part of the respondent upon which to justify an award. Accordingly, the Court does hereby deny the claim.
Claim disallowed.